UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MAYSON JAMES JOHN**   **D.O.C. # 733180** | : | **DOCKET NO. 2:22-cv-01285**   **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **TREVOR WILHITE** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Mayson James John, who is proceeding *pro se* and *in forma pauperis* in this matter. John is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Morehouse Parish Detention Center in Collinston, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d)(1)(A).

**I.**
**BACKGROUND**

On May 14, 2018, Petitioner Mayson James John pled guilty to indecent behavior with a juvenile, a violation of La.R.S. 14:81. Doc. 1, p. 1. On the same date, he was sentenced to twenty years at hard labor. *Id.* On May 23, 2018, John filed a pro se "Motion to Reconsider Sentence," which was denied by the trial court on May 24, 2018. See *State v. John*, 2020 La. App. Unpub.

LEXIS 61, *2 (La. App. 3 Cir 03/18/20). John filed an Application for Post-Conviction Relief on November 19, 2019 (*id*,), which was ultimately denied by the Louisiana Supreme Court on January 26, 2022 (*State v. John*, 2021-01689 (La. 01/26/22), 332 So. 3d 78).

On May 12, 2022, John filed the petition presently before this Court. Doc. 1.

## II.
### LEGAL STANDARDS

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

## III.
### APPLICATION

John's judgment of conviction became final on August 22, 2018, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. Thus, he had one year, or until August 22, 2019, to file his federal habeas corpus suit.

Section 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one-year period. However, John did not file a direct appeal and he did not file his first application for post-conviction relief until November 6, 2019, at which point more than one year went untolled from the finality of judgment. Thus, he cannot avail himself of statutory tolling pursuant to §2244(d)(2) because by the time he filed his application for post-conviction relief on November 6, 2019, the limitations period had already expired and could not be revived.

The Fifth Circuit holds that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As noted by the Supreme Court, "[t]o be entitled to equitable tolling, [the petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007) (quotations omitted).

-
-

John does not allege any facts that support a finding of equitable tolling. He has not alleged that he was actively misled, nor has he alleged that he was prevented in some extraordinary way from asserting his rights. Thus, equitable tolling is also inapplicable and the instant application is time-barred.

## IV.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from**

**service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

    THUS DONE AND SIGNED in Chambers this 30th day of August, 2022.

*/s/ Kathleen Kay*
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE