UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MAYSON JAMES JOHN**              :         **DOCKET NO. 2:22-cv-01285**
  **D.O.C. # 733180**                                **SECTION P**

**VERSUS**                         :         **JUDGE JAMES D. CAIN, JR.**

**TREVOR WILHITE**                 :         **MAGISTRATE JUDGE KAY**

### REPORT AND RECOMMENDATION

Pursuant to an Order from Judge James D. Cain, Jr., this matter has been remanded to the undersigned for review of the issue first raised in petitioner's objection (doc. 9) to this Court's Report and Recommendation (doc. 5), equitable tolling. For reasons stated below, it is

**RECOMMENDED** that this matter be **DISMISSED** as time barred.

### I.
#### BACKGROUND

As set forth our previous Report and Recommendation, Mayson James John's ("John") judgment of conviction became final on August 22, 2018, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. Thus, he had one year, or until August 22, 2019, to file his federal habeas corpus suit.

Section 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one-year period. However, John did not file a direct appeal and he did not file his first application for post-conviction relief until November 6, 2019, at which point more than one year went un-tolled from the finality of judgment. Thus, the undersigned held that he could not avail himself of statutory tolling pursuant to

§2244(d)(2) because, by the time he filed his application for post-conviction relief on November 6, 2019, the limitations period had already expired and could not be revived. Doc. 5, p. 3. In response to the inquiry as to the timeliness, or lack thereof, of his petition, petitioner represented to the Court that he had no access to inmate counsel or a law library due to his transfers to and from different facilities. Doc. 1, pp. 17-18, ¶ 18. Accordingly, the Court found that petitioner did not allege any facts that would support a finding of equitable tolling.

In his objection to the Report and Recommendation, petitioner now contends that he is entitled to equitable tolling because he was misled by 31st Judicial District Court Judge Steven Gunnell and his court-appointed attorney Robert Sheffield. Doc. 9, pp. 6-7. The crux of petitioner's claim is that, because the state court judge and his attorney only informed him of the state court post-conviction application deadlines, he was therefore misled into missing the one-year federal habeas corpus deadline.

## II.
## LAW AND APPLICATION

### A. Equitable Tolling

The Fifth Circuit has recognized that the AEDPA limitations period is subject to equitable tolling in "rare and exceptional circumstances." *Prieto v. Quarterman*, 456 F.3d 511, 514 (5th Cir. 2006) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). The burden of proof to establish that equitable tolling applies falls to the petitioner. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). The evidence must show that the

applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Id*. at 403.

### B. *Application*

Petitioner alleges that he was misled by 31st Judicial District Court Judge Steven Gunnell and his court-appointed attorney Robert Sheffield. He also alleges misconduct on the part of attorney Richard Oustalet, Jr., who was ultimately sanctioned by the Louisiana Supreme Court for violating the Louisiana Rules of Professional Conduct[1].

Petitioner claims that he was misled with respect to the timeline for filing his federal petition for habeas corpus. Specifically, petitioner ostensibly quotes from a transcript of his proceeding[2] where Judge Gunnel brings John's attention to the prescriptive period for seeking post-conviction relief in state court but complains that the state court judge did not "state or even imply that what he was stating was limited to only state court, and that I had different limitations for federal courts." Doc. 9, p. 8. He also complains that while Sheffield "went over a series of documents including 'Prescriptive Period for Seeking Post-Conviction Relief,'" the documents did not state that they were limited to state court time limits. *Id*. at p. 7.

In support of his argument that he is entitled to equitable tolling, petitioner relies heavily upon *Santinac v. Cain*, a case from the Eastern District of Louisiana in which the petitioner objected to a magistrate judge's report and recommendation that his federal habeas corpus application be denied as untimely. *Santinac v. Cain*, No. 06-6260, 2011 U.S. Dist. LEXIS 18436

---

[1] Richard Oustalet, Jr. apparently represented Mr. John prior to his criminal indictment in the matter at hand. *See* email from Oustalet to Robert Sheffield dated May 31, 2017, doc. 1, att. 2, p. 10. He played no role in the matter after indictment, evidenced by the handwritten note on the document provided by the petitioner which states, "Applicant did not consent to them communicating about his case, violation of attorney client confidentiality." *Id*. As such, his subsequent sanctions are irrelevant to the timeliness of Mr. John's post-conviction application in state court, much less his federal petition for writ of habeas corpus.

[2] Given the formatting of his presentation in his pleading, we are assuming he is quoting from a transcript. Regardless, his pleading constitutes an admission that he was so advised by the state court.

(E.D. La. Feb. 22, 2011). In that case, the petitioner claimed that the sentencing record was silent as to him being informed, and/or advised, that his federal habeas corpus application had to be filed within a year of the confirmation of his sentence. He argued that it would be appropriate for the federal district court to apply the doctrine of equitable tolling because of the confusion or ambiguity within the language of Louisiana's post-conviction statute, Louisiana Code of Criminal Procedure article 930.8. Specifically, petitioner contended that he was misled into believing that the Antiterrorism and Effective Death Penalty Act's (AEPA) one year statute of limitations did not begin to run until after his two-year allotted time to seek state post-conviction relief was tolled. *Id*. at \*2. That court ultimately found that Mr. Santinac failed to establish that the doctrine of equitable tolling should apply, as he did not meet the diligence requirement, nor did the record reflect that he was "actively misled" or "prevented in some extraordinary way" from asserting his federal habeas corpus rights. *Id*. at \*4-5.

Mr. Santinac made a similar argument to the petitioner in this case, that it was "the duty of his counsel, court or state to advise him of his federal habeas corpus rights and time limitations". *Id*. Rejecting that argument, the court cited to *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002), in which the Fifth Circuit concluded that a petitioner's attorney's failure to investigate the status of his petition was not a "rare and exceptional circumstance." *Id*. Further, the court pointed out that La. C.C.P. article 930.8(C) states that "[a]t the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief either verbally or in writing." As in the present case, the petitioner in *Santinac* did not claim that he was not informed of his state post-conviction relief rights, but that the record was silent regarding his federal habeas corpus rights. However, the *Santinac* court noted that after extensive research, it could not find any authority that requires a state judge to inform a defendant of his federal habeas corpus rights.

*Id*. at *6[3]. The court looked to *Cooper v. Travis,* No. 08 Civ. 0021, 2010 U.S. Dist. LEXIS 91038, 2010 WL 3523022, at *2 (E.D. La. Sept. 2, 2010), where the petitioner argued that equitable tolling should apply because he was misled by the trial judge in relying on his statement that, "pursuant to Article 930.8 of the Code of Criminal Procedure, you have two years from the date that your sentence becomes final to file for your post-conviction relief." The *Cooper* court stated that it was evident that the state court judge was fulfilling the requirement of Louisiana Code of Criminal Procedure article 930.8 because he specifically referred to the statute and further stated that there was no similar obligation by the state judge to inform the defendant of rights he may have under federal law. *Id*.

As in *Santinac,* this Court can find no instance where a state judge is required to inform the defendant of his federal habeas corpus rights. Similar arguments raised by petitioners regarding lack of notice under state law or confusion about the time under state law are typically unavailing on federal habeas review and routinely rejected by federal district courts as attempts to establish entitlement to equitable tolling of the federal limitations period. *See, e.g., Miller v. McCain*, Civ. Action No. 18-4724, 2019 U.S. Dist. LEXIS 10710, 2019 WL 297438, at *2 (E.D. La. Jan. 23, 2019) (petitioner's assertion that the trial court failed to inform him of the two-year limitation for filing a state application for post-conviction relief has no bearing on his ability to file a federal application); *Puderer v. Vannoy*, Civ. Action No. 17-324, 2018 U.S. Dist. LEXIS 41797, 2018 WL 1319023, at *8 (E.D. La. Jan. 26, 2018), adopted 2018 U.S. Dist. LEXIS 40530, 2018 WL 1287621 (March 13, 2018) (rejecting petitioner's assertions that he mistakenly relied

---

[3] Petitioner relies on *Santinac*, even though he concedes that the *Santinac* court found that the doctrine of equitable tolling should not apply in that matter. He argues that the Court's unwillingness to apply equitable tolling in that matter because it could find no instance where a state judge is required to inform the defendant of his federal habeas corpus rights is flawed. Petitioner argues that while they may be no authority to requires a state judge to inform a defendant of his federal habeas corpus rights, there "also isn't any authority that says a state judge is not required to advise a defendant of his federal habeas corpus rights." Doc. 9, p. 11. This argument is without merit.

upon the two-year limitations period under state law or lacked instructions as to the federal limitations period as "extraordinary circumstances" warranting equitable tolling); *Harper v. Hubert,* Civ. Action No. 06-10556, 2008 U.S. Dist. LEXIS 79010, 2008 WL 4534097, at *3 (E.D. La. Oct. 7, 2008) (finding federal application untimely and rejecting claim that trial court's failure to advise of prescriptive period for seeking state post-conviction relief violated petitioner's rights).

Moreover, it is well-settled that neither pro se status alone nor lack of knowledge of filing deadlines constitute an extraordinary circumstance that justifies equitable tolling. *See, e.g., Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000) (prisoner's pro se status and lack of knowledge of filing deadline did not warrant equitable tolling); accord *Gonzales v. Wilkinson*, 269 F. Appx. 481, 486 (5th Cir. 2008). Neither a petitioner's "pro se status nor his unfamiliarity with the law suffices as a basis for equitable tolling." *Madden v. Thaler*, 521 F. Appx. 316, 323 (5th Cir. 2013); accord *Nelson v. Quarterman*, 215 F. Appx. 396, 398-99 (5th Cir. 2007) ("[A] defendant's pro se status will not excuse an untimely habeas petition."); *see also Smallwood v. Cain*, Civ. Action No. 12-2812, 2013 U.S. Dist. LEXIS 152303, 2013 WL 5757663, at *10 (E.D. La. Oct. 23, 2013) ("The fact that Smallwood is not educated in the law or is reliant upon assistance from inmate counsel on post-conviction does not warrant equitable tolling."). It is the duty of the petitioner to diligently pursue his post-conviction rights, whether state or federal, and the failure to do so does not warrant equitable tolling. "Ignorance of AEDPA's limitations period is no excuse for filing an untimely federal habeas petition." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). "Petitioner's own failure to exercise due diligence in investigating the procedure which governed his federal claims does not elevate his situation to the 'rare and exceptional circumstance' required to justify equitable tolling." *Santinac* at *7.

## III.
## CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that this matter be **DISMISSED** as time barred.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 17th day of January, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE